UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------X
ZIQI KE,

Plaintiff,

v.

**ORDER**
25-CV-03589-SJB

ANGELICA ALFONSO-ROYALS, et al.,

Defendants.
-----------------------------------------------------X

**BULSARA, United States District Judge:**

Plaintiff Ziqi Ke ("Ke") filed this pro se action against Defendants Acting Director of the U.S. Citizenship and Immigration Services ("USCIS") Angelica Alfonso-Royals,[1] Secretary of the U.S. Department of Homeland Security Kristi Noem, United States Attorney General Pam Bondi, and Director of the USCIS Long Island Field Office Barbara Owlett (collectively, "the Government") to compel the adjudication of his I-485 Application to Register Permanent Residence or Adjust Status ("I-485") under the Mandamus Act, 28 U.S.C. § 1361, and the Administrative Procedure Act, 5 U.S.C. §§ 701–06. (Compl. dated June 27, 2025, Dkt. No. 1). For the reasons explained, the Court finds Ke's action is moot and dismisses his petition without prejudice.

BACKGROUND

Ke filed his complaint on June 27, 2025, alleging that his I-485 petition had been pending for over 480 days without any "meaningful response or resolution." (Compl.

[1] USCIS Director Joseph B. Edlow is automatically substituted for Defendant Alfonso-Royals as successor officeholder pursuant to Fed. R. Civ. P. 25(d). (Defs.' Req. for Premotion Conference, Dkt. No. 9 at 1 n.1).

¶ 1). On July 31, 2025, the Court ordered the Government to provide an update on Ke's immigration application, including whether an interview had been scheduled. (Order dated July 31, 2025). In response, the Government filed a request for a premotion conference to dismiss Ke's action as moot, because USCIS had scheduled Ke's interview for September 12, 2025. (Defs.' Req. for Premotion Conference ("Defs.' PMC"), Dkt. No. 9 at 1; Interview Notice, attached to Defs.' PMC as Ex. A, Dkt. No. 9-1). The Court ordered the parties to file a stipulation of dismissal by September 19, 2025. (Order dated Aug. 26, 2025). The parties were granted an extension to October 22, 2025. (Order dated Sep. 19, 2025). In seeking a second extension, Ke indicated that USCIS had issued a Request for Evidence ("RFE") on his adjustment application on October 15, 2025. (Mot. for Extension of Time to File, Dkt. No. 12 at 1). Accordingly, the Court ordered Ke to show cause why the case should not be dismissed as moot. (Order dated Oct. 23, 2025).

## DISCUSSION

For the Court to have jurisdiction over a case, "an actual controversy must exist." *Liu v. Garland*, No. 23-CV-1132, 2024 WL 2941850, at *2 (E.D.N.Y. June 11, 2024). "When a plaintiff asks a court to compel a federal official to act, and the federal official has already performed that act, the claim is moot, and, therefore, the court lacks subject matter jurisdiction." *Huang v. Jaddou*, No. 24-CV-3901, 2024 WL 4246161, at *2–*3 (E.D.N.Y. Sep. 20, 2024) (dismissing case as moot after USCIS scheduled an interview with respect to the Plaintiff's asylum application), *report and recommendation adopted*, (Order dated Oct. 15, 2024). The plaintiff, including one who is pro se, "bears the

burden of proving subject matter jurisdiction by a preponderance of the evidence." *Logan v. Town of Windsor, New York*, 833 F. App'x 919, 920 (2d Cir. 2021) (quotation omitted).

Here, Ke acknowledges that USCIS conducted an interview on his I-485 petition on September 12, 2025, and subsequently issued him an RFE on October 15, 2025. (Pl.'s Resp. to O.S.C. ("Pl.'s Resp."), Dkt. No. 13 at 1). Because the Government has now taken the action Ke sought to compel, the case is moot. *See Long v. Garland*, No. 22-CV-6652, 2023 WL 6930674, at *2 (E.D.N.Y. Oct. 19, 2023) ("By issuing the interview notice – and additionally notifying Plaintiff of his deadline to reschedule the interview he missed – the agency has initiated action and Plaintiff's claim is moot."). Courts regularly dismiss mandamus actions against USCIS following similar action. *E.g.*, *id.*; *Chu v. Mayorkas*, No. 24-CV-2338, 2025 WL 3005064, at *2 (E.D.N.Y. Oct. 27, 2025) (finding matter moot where USCIS scheduled an interview); *Bokhari v. Garland*, No. 23-CV-1474, 2023 WL 5283898, at *2 (E.D.N.Y. Aug. 17, 2023) (dismissing as moot following issuance of an RFE); *Wang v. USCIS*, No. 22-CV-0149, 2022 WL 17851621, at *2 (E.D.N.Y. Aug. 3, 2022) (dismissing as moot following issuance of an interview notice). Ke's arguments seeking to keep the case open are unavailing.

*First*, Ke argues that his case is not moot because the requested relief ("final adjudication") remains incomplete. (Pl.'s Resp. at 1–2). However, the relief sought in Ke's complaint was to resolve the delay in processing of his application. (Compl. at 5). Ke may frame the alleged injury as a "lack of a timely final decision," (Pl.'s Resp. at 2), but ultimately his petition is rooted in delay that has now been cured by the

Government's action. The absence of a "final adjudication" does not demonstrate existence of a live controversy. *See Bokhari*, 2023 WL 5283898, at *2 (rejecting petitioner's argument that the RFE is not an adjudication of the petition and finding that USCIS had "elimina[ted] the inaction predicate for an undue delay claim").[2]

*Second*, Ke argues that a finding of mootness is inappropriate because of the voluntary-cessation doctrine. (Pl.'s Resp. at 2). But the Government has "not thwarted [Ke's] ability to obtain relief; rather, they have provided [him] with the very relief [he] seek[s] to compel through litigation[,]" i.e., moving his petition forward. *Almakalani v. McAleenan*, 527 F. Supp. 3d 205, 224 (E.D.N.Y. 2021). The suggestion that USCIS may delay his petition again, after Ke submits the RFE response, is speculation. *See Chen v. Noem*, 24-2058, 2025 WL 1466205, at *2 (2d Cir. May 22, 2025) (rejecting application of the voluntary cessation doctrine where petitioner offered "no adequate basis for his contention that the Government's adjudication of his waiver was done as a matter of gamesmanship").

The Court finds Ke's claims moot. The action is dismissed without prejudice for lack of subject matter jurisdiction. The Clerk of Court is respectfully directed to close the case.

SO ORDERED.
/s/ *Sanket J. Bulsara*
SANKET J. BULSARA
United States District Judge

Date: January 8, 2026
Central Islip, New York

[2] The single non-binding case Ke cites in support of his argument, from another district, does not compel a different outcome. (Pl.'s Resp. at 2).